50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
REPUBLIC WASTE INDUSTRIES, INC., Plaintiff-Counter-defendant-Appellee,
v.
G.I. INDUSTRIES, Defendant-Counter-claimant-Appellant.
 Nos. 93-56390, 94-55084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1995.
Decided March 23, 1995.
 
 Before: BROWNING, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 G.I. Industries ("GI") appeals the district court's judgment, entered after a bench trial, in favor of Republic Waste Industries, Inc. ("Republic") on GI's counterclaim for breach of contract. The district court determined that Republic had anticipatorily repudiated the merger agreement between it and GI, but that GI was not entitled to damages because GI would have been unable to perform its duties under the agreement by the time that Republic would have been contractually entitled to terminate the merger. GI also appeals the district court's refusal to award it nominal damages and attorney fees. We have jurisdiction, 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 * In September of 1990, Republic and GI entered into a merger agreement ("agreement") under which Republic was to purchase GI in a stock-for-stock swap. Both Republic and GI had a number of duties under the agreement that they were required to perform in order to consummate the merger. Paragraph 12.2 of the agreement provided that the agreement could be terminated by either party "if the merger is not consummated by January 31, 1991, so long as the terminating party is not in material breach of the representations, warranties and covenants contained in this Agreement."
 
 
 4
 On December 19, 1990, after Republic had obtained disappointing results in a public stock offering, representatives of Republic met with representatives of GI and stated that Republic would not go forward with the merger. GI thereafter unsuccessfully attempted to negotiate a merger with a different company. Republic subsequently filed the present action for fraud and declaratory and injunctive relief. GI counterclaimed for breach of the agreement.
 
 
 5
 After a bench trial, the district court determined that Republic was not entitled to relief on any of its claims (Republic has not appealed). As to GI's counterclaim, the district court found (1) that Republic had anticipatorily repudiated the agreement on December 19, 1990, (2) that GI would have been unable to complete all of its duties necessary to consummate the merger before January 31, 1991, and (3) that, had it not repudiated the agreement on December 19, Republic would have terminated on January 31. Based on these findings, the district court held that GI was not able to perform under the agreement, and therefore that Republic's breach caused GI no damage.
 
 
 6
 GI requested that it be awarded nominal damages and attorney fees under a provision of the agreement providing that attorney fees should be paid to the prevailing party. The district court denied nominal damages and GI's request for attorney fees. GI has timely appealed.
 
 II
 
 7
 We review the district court's application of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). The interpretation of a contract is also a matter of law which is reviewed de novo. Aetna Casualty and Surety Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991). The district court's findings of fact after a bench trial are reviewed for clear error, giving due regard to the trial court's opportunity to judge the credibility of witnesses. Fed.R.Civ.P. 52(a); Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991).
 
 III
 
 8
 Accepting the district court's findings of fact as true, the court erred as a matter of law in holding that Republic's anticipatory repudiation did not proximately cause any damage to GI. Specifically, the district court erred in applying the rule stated by the California Court of Appeals in Ersa Grae Corp. v. Fluor Corp., 1 Cal.App. 4th 613 (1991).
 
 
 9
 * In Ersa Grae, the court held that, as part of its case-in-chief, a plaintiff suing for anticipatory breach "must present evidence sufficient to satisfy a jury that, but for [the defendant's] breach, [the plaintiff] was ready, willing and able to perform as required by the contract." 1 Cal.App. 4th at 626. If the plaintiff cannot carry this burden, the court reasoned, any damage it suffered was proximately caused by its own inability to perform rather than the defendant's breach. Under those circumstances, any recovery by the plaintiff would be a windfall.
 
 
 10
 Here, GI had certain obligations under the contract in order to complete the merger. Under p 12.2 of the agreement, if the merger had not been completed by January 31, 1991, then either party had the contractual right to terminate the merger so long as the terminating party was not in material breach of the agreement. The district court correctly interpreted this provision to mean that "January 31, 1991 ... [was] not a mandatory closure date. Instead it [gave] either party the option to get out of the deal if it had not closed by that time, assuming no breach by the walking away party." The court nevertheless applied Ersa Grae as though the contract required GI to complete all of its duties by January 31 at the latest. The district court erred in determining that Ersa Grae applied in this situation.
 
 
 11
 Contrary to Republic's arguments, the parties here did not contract for a merger "consummated by January 31, 1991." Rather, the closing date of the merger was unspecified. Paragraph 12.2 of the merger agreement does not create any duties on the part of GI, it merely creates a conditional right of termination in any nonbreaching party. Therefore, GI would not have been in breach of the agreement had it failed to perform its duties by January 31. In order to invoke the Ersa Grae rule and bar an otherwise valid cause of action, a party's "inability" to perform must be in breach of the contract.
 
 
 12
 This interpretation is mandated by the words of Ersa Grae itself, which bars recovery only if the plaintiff would have been unable "to perform as required by the contract." 1 Cal.App. 4th at 626 (emphasis added). The rule stated by Ersa Grae is founded on basic contract principles: if the plaintiff inevitably would have materially breached the agreement, thus excusing the defendant's performance, the defendant should not be held liable. Restatement (Second) of the Law of Contracts Sec. 244, cmt. a (explaining that the nonbreaching party's inability to perform excuses the repudiating party's duty to pay damages "if [the failure to perform] would have been sufficient to have discharged the remaining duties of the party in breach to render his performance"). Where there is no inevitable breach, this rule has no application.
 
 
 13
 Here, the district court found, and appellees argue, only that GI could not have performed its duties by January 31. The contract did not require GI to perform its duties by that date, and GI's failure to perform by that date would not have been a material breach. The Ersa Grae rule should never have been invoked.
 
 B
 
 14
 Republic argues that an alternative formulation of the Ersa Grae rule supports its position. That formulation is: "plaintiff [must] prove it would have performed, 'but for' the repudiation." Republic relies on the "but for" language to argue that we must disregard the anticipatory repudiation in determining whether Republic would have exercised its right to terminate the agreement. This argument confuses the legal rule of proximate causation stated in Ersa Grae with the factual determination of whether all express conditions subsequent to the exercise of contractual right have been satisfied.
 
 
 15
 Ersa Grae states that, as a matter of law, a plaintiff who could not have performed its contractual duties is not entitled to damages based on the defendant's failure to perform. The "but for" formulation put forth by Republic is correct insofar as it means that, in determining whether the plaintiff could have performed its duties, those duties are not excused by the defendant's breach. It is incorrect, however, to infer that the defendant's repudiation must be ignored for all purposes. The determination of whether a condition subsequent to the exercise of right has been satisfied is factual. Here, the question is "was the party attempting to exercise the right to terminate not in material breach of the contract?" As a matter of fact, the answer is no. The condition subsequent was not satisfied, and Republic never had a right to terminate. The fact that Republic's breach must be ignored as a matter of law in determining whether GI could have performed its duties does not mean that it should be ignored in determining the facts of the case.
 
 C
 
 16
 Finally, Republic argues that we should affirm the district court's determination that proximate causation was lacking on the alternative ground that but for Republic's anticipatory repudiation, it could have and would have exercised its conditional contractual right to terminate the agreement. Assuming this fact to be true, it is nevertheless irrelevant. By repudiating the agreement, Republic gave up any contractual right it might have had to terminate. See Bertrero v. Superior Court, 216 Cal.App.2d 213, 218-19 (1963) (citing 6A Corbin on Contracts, pp. 434-35).
 
 
 17
 Even if Republic had not given up its contractual right to terminate, the express terms of p 12.2 would have precluded it from terminating the agreement. Republic would only have had a right to terminate the agreement if two conditions were met: (1) the merger must have been incomplete on January 31, 1991, and (2) when Republic sought to exercise the right, it must not have been in material breach of its obligations under the agreement. The district court found that the first of these factual predicates inevitably would have been satisfied. The second, however, was not satisfied. Republic was in material breach of its obligations on January 31, 1991 by virtue of its anticipatory repudiation on December 19, 1990. After that repudiation, Republic never had, and never would have had, a contractual right to terminate the agreement.
 
 
 18
 Republic's anticipatory repudiation divested it of any right to terminate the agreement both by operation of law and by operation of the express terms of the agreement. Whether Republic would have exercised the hypothetical right is therefore not relevant to the issue of damages.
 
 
 19
 We hold that GI's inability to complete its duties by the January 31, 1991 "walkaway" date is not a legal bar to GI's recovery of damages for Republic's repudiation of the merger agreement.
 
 IV
 
 20
 The district court's judgment in favor of Republic on GI's counterclaim is REVERSED, the district court's order denying GI's request for nominal damages and attorney fees is VACATED, and the case is REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3